**UNITED STATES COURT OF APPEALS**
**DISTRICT OF COLUMBIA CIRCUIT**

333 Constitution Avenue, NW
Washington, DC 20001-2866
Phone: 202-216-7000 | Facsimile: 202-219-8530

## AGENCY DOCKETING STATEMENT
*Administrative Agency Review Proceedings (To be completed by appellant/petitioner)*

1. CASE NO. __24-1135__    2. DATE DOCKETED: 05-16-2024
3. CASE NAME (lead parties only) __Denka Performance Elastomer__ v. __Environmental Protection Agency, et al.__
4. TYPE OF CASE: ☒ Review  ☐ Appeal  ☐ Enforcement  ☐ Complaint  ☐ Tax Court
5. IS THIS CASE REQUIRED BY STATUTE TO BE EXPEDITED? ○ Yes  ● No
   If YES, cite statute ____
6. CASE INFORMATION:
   a. Identify agency whose order is to be reviewed: __Environmental Protection Agency__
   b. Give agency docket or order number(s): __EPA-HQ-OAR-2022-0730-2763__
   c. Give date(s) of order(s): __May 16, 2024__
   d. Has a request for rehearing or reconsideration been filed at the agency? ○ Yes ● No
      If so, when was it filled? ____ By whom? ____
      Has the agency acted? ○ Yes ○ No  If so, when? ____
   e. Identify the basis of appellant's/petitioner's claim of standing. See D.C. Cir. Rule 15(c)(2):
      See attached.
   f. Are any other cases involving the same underlying agency order pending in this Court or any other?
      ○ Yes ● No If YES, identify case name(s), docket number(s), and court(s)
   g. Are any other cases, to counsel's knowledge, pending before the agency, this Court, another Circuit Court, or the Supreme Court which involve *substantially the same issues* as the instant case presents?
      ○ Yes ● No If YES, give case name(s) and number(s) of these cases and identify court/agency:
   h. Have the parties attempted to resolve the issues in this case through arbitration, mediation, or any other alternative for dispute resolution? ○ Yes ● No If YES, provide program name and participation dates.

Signature __/s/ David A. Super__    Date __06-14-2024__
Name of Counsel for Appellant/Petitioner __David A. Super__
Address __2001 M Street NW, Ste. 900, Washington, D.C. 20036__
E-Mail __david.super@bracewell.com__    Phone ( __202__ ) __828-5800__    Fax ( __800__ ) __404-3970__

**ATTACH A CERTIFICATE OF SERVICE**

Note: If counsel for any other party believes that the information submitted is inaccurate or incomplete, counsel may so advise the Clerk within 7 calendar days by letter, with copies to all other parties, specifically referring to the challenged statement.

USCA Form 41
August 2009 (REVISED)

ORAL ARGUMENT NOT YET SCHEDULED

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| **DENKA PERFORMANCE ELASTOMER LLC,** | ) ) ) |
| Petitioner, | ) ) |
| v. | ) ) ) |
| **UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and MICHAEL REGAN, Administrator, United States Environmental Protection Agency,** | ) ) ) ) ) ) ) |
| Respondents. | ) ) |

No. 24-1135

## ADDENDUM TO DOCKETING STATEMENT

**Item 6(e) – Basis for Standing.**

Petitioner Denka Performance Elastomer LLC ("DPE") seeks review of EPA's final rule entitled "*New Source Performance Standards for the Synthetic Organic Chemical Manufacturing Industry and National Emission Standards for Hazardous Air Pollutants for the Synthetic Organic Chemical Manufacturing Industry and Group I & II Polymers and Resins Industry*," published in the Federal Register at 89 Fed. Reg. 42,932 on May 16, 2024 ("Rule"). The Rule adopts new and revised National Emission Standards for Hazardous Air Pollutants ("NESHAP") for the Hazardous Organic ("HON") and the Group I and II Polymers and Resins

("P&R I" and "P&R II") industry, and requires DPE to meet a comprehensive slate of capital-intensive emission control requirements in 90 days—which EPA acknowledges is impossible—or shut down until it does.

DPE owns the only operational Neoprene production facility in the United States (the "Facility"). Neoprene is a synthetic rubber used to make medical and military equipment, clothing, and other consumer and commercial products. The stringency of the Rule's requirements and the impossible compliance deadline threatens to cause the permanent shut down of the Facility. If the Facility is required to shutdown, even temporarily, DPE will incur financial losses, for which there is no means of recovery, in the form of lost sales, specialized workforce, and future business prospects and goodwill. Even if the Facility continues to operate, the Rule's requirements will cause DPE to incur significant financial costs, for which DPE will have no means of recovery, and to install capital-intensive emission controls necessary for compliance.

The aforementioned injuries are directly traceable to the Rule and would be redressed by the Court holding unlawful and setting aside the Rule.

Date:  June 14, 2024                                              Respectfully submitted,

                                                                   /s/ David A. Super
James C. Percy                                                    David A. Super
JONES WALKER LLP                                                  Jason B. Hutt
445 N. Boulevard, Suite 800                                       Jeffrey R. Holmstead
Baton Rouge, LA 70802                                             Britt Cass Steckman
Telephone: (225) 248-2130                                         Kevin M. Voelkel
jpercy@joneswalker.com                                            BRACEWELL LLP
                                                                  2001 M Street NW, Ste. 900
Robert E. Holden                                                  Washington, DC 20036
Brett S. Venn                                                     Telephone: (202) 828-5800
JONES WALKER LLP                                                  david.super@bracewell.com
201 St. Charles Ave                                               jason.hutt@bracewell.com
New Orleans, LA 70170                                             jeff.holmstead@bracewell.com
Telephone: (504) 582-8000                                         britt.steckman@bracewell.com
bholden@joneswalker.com                                           kevin.voelkel@bracewell.com
bvenn@joneswalker.com

*Counsel for Petitioner*
*Denka Performance Elastomer LLC*

# **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I have caused a true and correct copy of the foregoing *Petitioner's Docketing Statement and Addendum* to be electronically filed with the Clerk of the Court using the CM/ECF System, which will send a notice of filing to all registered users.

Date: June 14, 2024

/s/ David A. Super
David A. Super

***Counsel for Petitioner***
***Denka Performance Elastomer LLC***