ORAL ARGUMENT NOT YET SCHEDULED

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| **DENKA PERFORMANCE ELASTOMER LLC,** | )<br>)<br>) |
| **Petitioner,** | )<br>) |
| v. | ) No. 24-1135<br>) |
| **UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and MICHAEL REGAN, Administrator,** United States Environmental Protection Agency, | )<br>)<br>)<br>)<br>)<br>) |
| **Respondents.** | )<br>) |

**PETITIONER'S NONBINDING STATEMENT OF ISSUES TO BE RAISED**

Petitioner Denka Performance Elastomer LLC ("DPE") submits the following nonbinding statement of issues to be raised in its challenge to the rule at issue in this case (the "Rule"), without waiving the right to modify them or raise additional issues:

1. Whether the Environmental Protection Agency's ("EPA") imposition of a 90-day compliance deadline on DPE, when the Agency has given all other facilities subject to the Rule (including facilities that, according to EPA's own analysis, pose a higher risk to public health than DPE's facility) at least two years to

come into compliance, is arbitrary and capricious, an abuse of discretion, or contrary to law?

2. Whether EPA, in a discretionary rulemaking, can impose regulatory requirements when, based on EPA's own analysis, the environmental harm caused by those requirements is many times greater than the environmental benefits they will provide?

3. Whether EPA's use in the Rule of a "unit risk estimate" for inhalation of chloroprene that (i) is not the most plausible estimate of risk; (ii) disregards available and highly relevant post-2010 science; (iii) is based on a default assumption for which EPA has no substantiating evidence; and (iv) relies on past administrative decisions that were not based on conclusions about relevant science or risk, renders the Rule arbitrary and capricious, an abuse of discretion, or contrary to law?

4. Whether the Rule is arbitrary and capricious, an abuse of discretion, or contrary to law because EPA (i) established an "action level" that goes far beyond what is necessary to protect public health with an ample margin of safety, without considering the cost of meeting such an action level; (ii) failed to adequately consider whether requirements of the Rule threaten safe operations or are not technically feasible; or (iii) failed to adequately respond to DPE's comments regarding critical technical or procedural flaws in the Rule?

-3-

| | |
|---|---|
| Date: June 14, 2024 | Respectfully submitted, |
| | */s/ David A. Super* |
| James C. Percy | David A. Super |
| JONES WALKER LLP | Jason B. Hutt |
| 445 N. Boulevard, Suite 800 | Jeffrey R. Holmstead |
| Baton Rouge, LA 70802 | Britt Cass Steckman |
| Telephone: (225) 248-2130 | Kevin M. Voelkel |
| jpercy@joneswalker.com | BRACEWELL LLP |
| | 2001 M Street NW, Ste. 900 |
| Robert E. Holden | Washington, DC 20036 |
| Brett S. Venn | Telephone: (202) 828-5800 |
| JONES WALKER LLP | david.super@bracewell.com |
| 201 St. Charles Ave | jason.hutt@bracewell.com |
| New Orleans, LA 70170 | jeff.holmstead@bracewell.com |
| Telephone: (504) 582-8000 | britt.steckman@bracewell.com |
| bholden@joneswalker.com | kevin.voelkel@bracewell.com |
| bvenn@joneswalker.com | |

*Counsel for Petitioner*
*Denka Performance Elastomer LLC*

# **CERTIFICATE OF SERVICE**

      I hereby certify that on this date, I have caused a true and correct copy of the foregoing *Petitioner's Nonbinding Statement of Issues to Be Raised* to be electronically filed with the Clerk of the Court using the CM/ECF System, which will send a notice of filing to all registered users.

Date:  June 14, 2024                                     */s/ David A. Super*
                                                                   David A. Super

                                                                   ***Counsel for Petitioner***
                                                                   ***Denka Performance Elastomer LLC***