ORAL ARGUMENT NOT YET SCHEDULED

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| DENKA PERFORMANCE ELASTOMER LLC, | |
| *Petitioner*, | |
| v. | Case No. 24-1135 (consolidated with Case Nos. 24-1228, 24-1246, 24-1249, 24-1250, 24-1251, 24-1252) |
| U.S. ENVIRONMENTAL PROTECTION AGENCY and MICHAEL S. REGAN, Administrator of the U.S. Environmental Protection Agency, | |
| *Respondents*. | |

**RESPONDENTS' OPPOSITION TO ENVIRONMENTAL PETITIONERS'
MOTION TO SEVER ISSUE AND HOLD SEVERED CASE IN ABEYANCE**

**INTRODUCTION**

These consolidated petitions seek review of EPA's rule establishing

emission standards for certain chemical manufacturers. The format and schedule of

briefing has been set since October. Petitioners in one of the consolidated cases,

*Concerned Citizens of St. John, et al. v. EPA*, Case No. 24-1251 ("Environmental

Petitioners"), now ask to pause review of a single issue they plan to raise while all

the remaining challenges—including their own challenges to other parts of the

rule—proceed. They argue that resolution of a similar issue in separate

rulemakings that are pending review in this Court in different cases may affect

resolution of the issue in these cases.

There is no good cause to pursue Environmental Petitioners' sever-and-abate

plan in these cases. That plan would be a less efficient use of the Court's and the

parties' resources. EPA has not announced it will reconsider any parts of the rule

challenged in these cases, including the issue Environmental Petitioners seek to

sever. The schedule and formats of briefing are already set in this case, and

Environmental Petitioners offer no explanation for why they waited months after

proposing briefing formats and a schedule to request severance. By contrast, no

briefing schedule is set in the other cases, making it less likely that resolution of

any issues in those cases would impact issues here. And even if the Court put the

"issue" in abeyance in this case, resolution of an issue presented in a different rule

on a different administrative record is no guarantee that the issue will be resolved for this case. The Court should deny the Motion.

## BACKGROUND

These consolidated petitions seek review of EPA's amendments to Clean Air Act emission standards that apply to the synthetic organic chemical manufacturing industry and certain polymers and resins industries. 89 Fed. Reg. 42,932 (May 16, 2024). There are five Industry Petitioners bringing four petitions (Case Nos. 24-1135, 24-1249, 24-1250, and 24-1252), two State Petitioners (Case Nos. 24-1228 and 24-1246), and a consortium of Environmental Petitioners (Case No. 24-1251). Collectively, Petitioners challenge whether EPA's action is consistent with its legal authorities and raise technical issues regarding the promulgated standards and EPA's consideration of data underlying those standards.

On October 4, after soliciting proposals from the parties on the briefing schedule and formats for the resolution of all issues challenging the rule, the Court set a briefing schedule that governs all these consolidated cases. Doc. #2078347.

On November 21, Environmental Petitioners moved to "sever" one issue among others that they plan to raise in their challenge to the rule—what they call the three-strikes exemption related to the challenged rule's treatment of certain releases of air toxics from pressure relief devices and flares—and place the purported "severed case" in abeyance. Mot. 4, Doc. #2086102.

On November 25, Environmental Petitioners moved to extend the briefing deadlines by thirty days. The Court granted the unopposed motion. Doc. #2087062. Opening briefs are now due by January 17, 2025. Doc. #2087332.

## ARGUMENT

Environmental Petitioners' Motion to Sever should be denied. They seek to sever an *issue* and treat that issue as a "severed case." The result of the request would be piecemeal litigation that will hinder prompt review of the underlying agency action—review that is ripe and proceeding according to a briefing schedule and format already ordered by the Court.

Environmental Petitioners' sever-and-abate plan would prejudice the parties by depriving them of the finality and repose that typically come with the Court's final adjudication of the merits. Under their plan, the "severed case" would be waiting in the wings as the remainder of the challenges to the rule as a whole proceeds. Those challenges include other issues raised by Industry Petitioners relating to standards for pressure relief devices and flares.[1] The result is a potential procedural mess for both EPA and the Court.

---

[1]      *E.g.*, Am. Chem. Council's Nonbinding Statement of Issues ¶¶ 7–8, Doc. #2070336; Huntsman Petrochemical LLC's Nonbinding Statement of Issues ¶ 16, Doc. #2070250.

Environmental Petitioners are wrong to state that their sever-and-abate plan is "consistent with the relief requested by EPA" in other cases. Mot. 4–5 (citing EPA's Motion to Govern in consolidated cases challenging Ethylene Production Rule). In those instances, EPA asked the Court to hold whole *cases* in abeyance, not specific issues.[2] And EPA has not announced it is reconsidering the issue Environmental Petitioners ask to sever (or any other part of the rule challenged here), which could in certain circumstances justify holding a case in abeyance.[3] Thus, Environmental Petitioners do not seek the "same relief" as EPA has in other cases. Mot. 5.

Unlike situations where it may make sense to hold all cases that challenge a rule in abeyance, judicial economy is not served here by halting review of one issue related to the challenged rule's treatment of air toxics releases from pressure relief devices and flares in favor of waiting and seeing how a similar issue is resolved in a different case challenging a different rule on a different administrative record. *See Sierra Club v. EPA*, 353 F.3d 976, 986 (D.C. Cir. 2004) ("This court has adopted an 'every tub on its own bottom' approach to EPA's setting of standards pursuant to the CAA, under which the adequacy of the

---

[2]     *RISE St. James v. EPA*, No. 20-1336, Doc. #2085236.

[3]     *See RISE St. James v. EPA*, No. 20-1336, Doc. #1889096 (requesting extension of abeyance to, inter alia, consider whether reconsideration of challenged action is necessary) & Doc. #1889189 (Order).

underlying justification offered by the agency is the pertinent factor—not what the agency did on a different record concerning a different industry."). That is true especially where, as here, review of other parts of the rule's regulation of pressure relief devices and flares would proceed. As explained above, Environmental Petitioners' request would result in piecemeal litigation of the record on review.

Moreover, a briefing schedule is already set in this case. Briefing schedules are not set in any of the other cases in which Environmental Petitioners challenge separate industry-sector rules that they argue also provide the "three-strikes exemption." Mot. 3. The Court also established length limits for briefs following contested proposals by the parties in this case. Doc. #2078347. In seeking to sever the three-strikes issue from their forthcoming brief and save it for another day, Environmental Petitioners would effectively give themselves more words for fewer issues and thereby skirt the length limits the Court already established.

Environmental Petitioners are wrong to state that the parties "agree that the three-strikes issue will be litigated" in either the challenges to the "combined reconsideration rule" (lead case no. 24-1174) or the challenges to the standards for petroleum refineries (lead case no. 16-1033). Mot. 3–4. Environmental Petitioners filed procedural motions in those cases that seek to have *only* what they refer to as the "combined reconsideration rule" proceed to briefing, while the petroleum

refineries rule is held in abeyance.[4] But EPA disagrees that the so-called "three-strikes exemption" is implicated in the "combined reconsideration rule." That rule amended certain industry-subsector rules—though not the one at issue in this case—but took no action to affirm or amend the three-strikes exemptions. Resolution of the "combined reconsideration rule" challenge thus would have no effect on the issue Environmental Petitioners seek to sever from this case.

There is little "risk of inconsistent rulings" across those cases. Mot. 4. Considering that a briefing schedule is already set here, Environmental Petitioners will likely obtain a decision on their "three-strikes exemption" issue in these cases first. A subsequent panel reviewing the same or similar issue can consider a decision in these cases and how it applies to a different regulation and record under review. This is not an uncommon occurrence in administrative law. *See, e.g.*, *Sierra Club v. EPA*, 479 F.3d. 875, 883 (D.C. Cir. 2007) (reviewing EPA's approach to "no control" emission floors for existing small tunnel brick kilns); *NRDC v. EPA*, 489 F.3d 1364, 1367–68 (D.C. Cir. 2007) (vacating portions of rule at request of EPA based on decision in *Sierra Club v. EPA*, 479 F.3d 875 (D.C.

---

[4]    *See Air All. Houston v. EPA*, No. 24-1175, Doc. #2085231 (Environmental Petitioners' motion to govern in "combined reconsideration rule" challenge); *Am. Fuel & Petrochem. Mfrs. v. EPA*, No. 16-1035, Doc. #2085234 (Environmental Petitioners' motion to govern in challenge to petroleum refineries rule).

Cir. 2007)). But it is no reason to start on a course of severing issues that might apply across challenges to various agency actions.

Finally, Environmental Petitioners made no mention of wanting to sever this issue in the briefing formats and schedule they proposed jointly with EPA in September. Doc. #2075838. Nor have they proffered good cause for waiting to raise this issue until now. The "combined reconsideration rule" was finalized in April, 89 Fed. Reg. 23,840 (Apr. 4, 2024), and the rule challenged here was final the next month. All the information Environmental Petitioners needed to identify issues it wished to litigate was available well before they proposed briefing formats and a schedule in these consolidated cases.

## CONCLUSION

The Court should deny the Motion to Sever.

Respectfully submitted,

TODD KIM
*Assistant Attorney General*

*Of Counsel:*
MICHAEL THRIFT
HALI KERR
Office of the General Counsel
U.S. Environmental Protection
Agency
Washington, D.C.

 s/ Brandon N. Adkins
BRANDON N. ADKINS
*Attorney, Environmental Defense
Section*
Environment and Natural Resources
Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044
Tel: (202) 598-9562
Fax: (202) 514-8865
*Brandon.Adkins@usdoj.gov*

*Counsel for Respondents*

DECEMBER 2, 2024
90-5-2-3-22694

## CERTIFICATE OF SERVICE AND COMPLIANCE

I hereby certify that on December 2, 2024, I electronically filed the foregoing Respondents' Opposition to Environmental Petitioners' Motion to Sever Issue and Hold Severed Case in Abeyance with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the CM/ECF system, which will send notification of such filing to all counsel of record.

This document complies with the length limit of Federal Rule of Appellate Procedure 27(d)(2)(A), because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), the document contains 1,513 words by Microsoft Word for Microsoft 365's word count utility.

This document complies with the typeface and type style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)–(6), because it was prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

*s/ Brandon N. Adkins*
Brandon N. Adkins
United States Department of Justice

*Counsel for Respondents*

## CERTIFICATE OF PARTIES AND AMICI

Pursuant to Circuit Rules 27(a)(4) and 28(a)(1)(A), counsel for Respondents submits the following list of persons who are parties, intervenors, or amici in these consolidated cases:

Petitioners: Denka Performance Elastomer LLC; State of Louisiana; Louisiana Department of Environmental Quality; State of Texas; Vinyl Institute; American Chemistry Council; Louisiana Chemical Association; American Fuel & Petrochemical Manufacturers; Concerned Citizens of St. John; RISE St. James Louisiana; Louisiana Environmental Action Network; Texas Environmental Justice Advocacy Services; Air Alliance Houston; California Communities Against Toxics; Environmental Integrity Project; Sierra Club; Huntsman Petrochemical LLC.

Intervenors: Environmental Defense Fund; Concerned Citizens of St. John; RISE St. James Louisiana; Louisiana Environmental Action Network; Texas Environmental Justice Advocacy Services; Air Alliance Houston; California Communities Against Toxics; Environmental Integrity Project; Sierra Club.

Respondents: U.S. Environmental Protection Agency; Michael S. Regan, in his official capacity as Administrator of the U.S. Environmental Protection Agency.

<u>Amici</u>: None currently.

*s/ Brandon N. Adkins*
Brandon N. Adkins
United States Department of Justice

*Counsel for Respondents*