# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| CONCERNED CITIZENS OF ST. JOHN *et al.*,<br><br>*Petitioners,*<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY *et al.*,<br><br>*Respondents.* | No. 24-1251 (consolidated with No. 24-1135) |

**REPLY IN SUPPORT OF ENVIRONMENTAL PETITIONERS' MOTION TO SEVER ISSUE AND HOLD SEVERED CASE IN ABEYANCE**

By opposing Environmental Petitioners' motion to sever the three strikes issue while also seeking a briefing schedule on the same issue in another case before this Court, No. 16-1035, EPA asks that the three strikes issue be litigated simultaneously in two cases. *See* EPA's Opp. to Envtl. Pet'rs' Mot. to Sever, Doc. #2087443 [hereinafter EPA's Opp.]; EPA's Mot. to Govern, Doc#2085235, *Am. Fuel & Petrochemical Mfrs. v. EPA*, No. 16-1033 (D.C. Cir. Nov. 15, 2024). That would be an inefficient use of parties' and this Court's time and resources—and would risk conflicting decisions on the same legal issue.

Severing the three strikes issue here and holding that severed case in abeyance pending resolution of another case, as Environmental Petitioners request,

is an efficient and equitable solution to the problem. Indeed, this Court has taken such an approach before, at EPA's request, by severing and proceeding to litigation on certain issues relating to one aspect of a challenged rule, while other issues remained in abeyance. *See* Mot. to Govern, Doc#1988474, *Huntsman Petrochemical v. EPA*, No. 20-1414 (D.C. Cir. Mar. 3, 2023); Order, Doc#1992131, *id.* (D.C. Cir. Mar. 28, 2023).

As a preliminary matter, the three strikes exemption at issue in this case is identical to the exemption in the other cases where it is raised: "a third release event from a single pressure relief device in a 3 calendar year period for any reason" or "three flare tip velocity exceedance events … from a single flare in a 3 calendar year period for any reason" are violations of the work practice standards.[1] In fact, the exemption for flares in the refineries standards applies directly in the standards for miscellaneous organic chemical manufacturing, ethylene production,

---

[1] For pressure relief devices: 40 C.F.R. § 63.2480(e)(3)(v)(C) (miscellaneous organic chemical manufacturing standards); *id.* § 63.1107(h)(3)(v)(C) (ethylene production standards); *id.* § 63.648(j)(3)(v)(C) (petroleum refineries standards); *id.* § 63.165 (Hazardous Organic National Emission Standards for Hazardous Air Pollutants ("Hazardous Organic NESHAP", or "HON") standards challenged here).

For flares: *id.* § 63.670(o)(7)(iv)-(v) (petroleum refineries standards); *id.* § 63.2450(e) (miscellaneous organic chemical manufacturing standards, "then you must meet the applicable requirements for flares as specified in §§ 63.670 and 63.671"); *id.* § 63.1103 (same in ethylene production standards); *id.* § 60.619a (same in HON standards challenged here).

and the standards challenged here.² And the administrative records between the standards overlap.³

Severing and holding the three strikes issue in abeyance pending resolution of another case would serve judicial economy, and *Sierra Club v. EPA*, 353 F.3d 976 (D.C. Cir. 2004), does not support EPA's argument to the contrary. *See* EPA's Opp at 5. *Sierra Club. v. EPA* addresses whether *EPA's justifications* for its decisions can be compared across rules. *See U.S. Sugar Corp. v. EPA*, 830 F.3d 579, 623 (D.C. Cir. 2016) ("The adequacy of the underlying justification offered by the Agency is what matters in an arbitrary-and-capricious review—not what the Agency did on a different record concerning a different industry.") (citing *Sierra Club v. EPA*, 353 F.3d at 986). *Sierra Club* does not stand for the premise that *the*

---

² *See supra* n. 1 ("For flares….").
³ *See, e.g.*, Challenged Rule Proposal, 88 Fed. Reg. 25,080, 25,094-95 (Apr. 25, 2023):
>In proposing these amendments, we relied on certain technical reports and memoranda that the EPA developed for flares used … in the Petroleum Refinery Sector … rulemaking.… For completeness of the rulemaking record for today's action … we are including the most relevant flare related technical support documents in the docket for this proposed action….

*Court's* decision on the lawfulness of a provision in one rule would not inform the proceedings on a similar—or, in this case, identical—provision in another rule.

EPA sought abeyance in other cases involving the three strikes issue precisely because the resolution of one case may affect the others:

> Although those consolidated cases involve challenges to Clean Air Act standards established for a separate industry sector (petroleum refineries) and *is thus a separate matter based on its own administrative record*, given the nature of the issues, how those cases are resolved may narrow or at least inform in part proceedings here.

EPA's Mot. to Govern, Doc. #2085230, at 3, *Huntsman Petrochemical v. EPA*, No. 20-1414 (D.C. Cir. Nov. 15, 2024) (emphasis added); *see also* Mot. to Govern, Doc # 2085236, at 3, *RISE St. James v. EPA*, No. 20-1336 (D.C. Cir. Nov. 15, 2024); Mot. to Govern, Doc#2085238, at 3, *Am. Chemistry Council v. EPA*, No. 24-1175 (D.C. Cir. Nov. 15, 2024). The same is true here. The Court's determination of the lawfulness of the three strikes exemption in any of these rules will be dispositive as to the lawfulness of the exemption in the other rules.

Contrary to EPA's assertion (at 4), there are numerous examples in which EPA has sought to sever one or more issues from underlying litigation for the purposes of judicial economy, including several instances further into briefing than the present circumstances. For example, in *U.S. Sugar Corp. v. EPA*, EPA and industry petitioners filed a joint motion to sever industry petitioners' second issue and hold the severed case in abeyance on the grounds that the requested relief

4

"would likely promote judicial efficiency, conserve resources, and potentially avoid unnecessary litigation." Joint Mot. to Sever, Doc. #2003380, at 1-2, *U.S. Sugar Corp. v. EPA*, No. 22-1271 (D.C. Cir. June 13, 2023). The joint motion came nearly two months after parties submitted the briefing format and less than two weeks before the proposed deadline for petitioners' opening brief. *Id.* at 3. Similarly, in *Mexichem Specialty Resins, Inc. v. EPA*, EPA and industry petitioners filed a joint motion—on the day before oral argument—requesting "to sever, hold in abeyance, and remove from the … oral argument in this matter one issue in these consolidated cases." Joint Mot. to Sever, Doc. #1523049, at 1-2, *Mexichem Specialty Resins, Inc. v. EPA*, No. 12-1260 (D.C. Cir. Nov. 18, 2014). The relief Environmental Petitioners seek is wholly consistent with EPA's past practice—and much less disruptive to the briefing schedule than in the above-cited cases.

Though EPA complains in its response of Petitioners' timing, Petitioners could not have filed their motion any sooner than November 15, 2024, when EPA moved to set a briefing schedule in another case, No. 16-1035, involving the three strikes exemption, and it thus became clear that the three strikes issue may be litigated simultaneously in two cases at the same time. *See* EPA Mot. to Govern, *Am. Fuel & Petrochemical Mfrs. v. EPA*, No. 16-1033 (D.C. Cir. Nov. 15, 2024). On the same date, the environmental petitioners in Case No. 24-1175 filed a separate motion to govern, proposing an alternative of litigating the three strikes

5

exemption—identical in three different rules—as the sole issue in Case No. 24-1175. Envtl. Pet'rs' Mot. to Govern, *Air Alliance Houston v. EPA*, No. 24-1175 (D.C. Cir. Nov. 15, 2024). Here, Environmental Petitioners moved to sever the issue from their case less than a week later, on November 21, 2024. *See* Doc#2086102. Moreover, Environmental Petitioners quickly sought and were granted an unopposed 30-day extension of the briefing schedule to allow resolution of the motion. Order, Doc#2087062. Environmental Petitioners' opening brief is not due until January 17, 2025. *Id.*

Although a briefing schedule has been set in this case, it is not clear which of these cases challenging the three strikes exemption will be resolved first, for two reasons. First, on multiple occasions, the Agency has filed, and this Court has granted, motions to put certain active cases into abeyance in the first months of a new administration—even after briefing was complete and oral argument had been scheduled.[4] EPA could do the same in any of the cases addressing the three strikes

---

[4] *See, e.g.*, Mot., *Murray Energy Corp. v. EPA*, No. 15-1385 (D.C. Cir. Apr. 7, 2017) ("In light of the recent change in administration…."); Mot., *Walter Coke v. EPA*, No. 15-1166 (D.C. Cir. Apr. 18, 2017) (same); Mot., *Murray Energy Corp. v. EPA*, No. 16-1127 (Apr. 18, 2017) (same); Mot., *West Virginia v. EPA*, No. 15-1363 (D.C. Cir. Mar. 28, 2017) ("[P]rior positions taken by the agency … do not necessarily reflect its ultimate conclusions."); Mot., *North Dakota v. EPA*, No. 15-1381 (D.C. Cir. Mar. 28, 2017) (same); Order, *North Dakota v. EPA*, No. 15-1381 (Mar. 30, 2017) (removing from oral argument calendar and holding in abeyance); Order, *Murray Energy Corp. v. EPA*, No. 15-1385 (D.C. Cir. Apr. 11, 2017) (same); Order, *Walter Coke v. EPA*, No. 15-1166 (D.C. Cir. Apr. 24, 2017) (same);

exemption. Second, this case involves numerous issues from different parties for the Court to consider. By contrast, the three strikes issue is the *sole issue* in Case No. 24-1175. Far from creating a procedural mess, severing the three strikes issue here and holding it in abeyance pending resolution of Case No. 24-1175 is a clean and efficient solution.

EPA disagrees that the three strikes issue is specifically implicated in the combined reconsideration rule (Case No. 24-1175). But whether the three strikes exemption is implicated in the combined reconsideration rule is a question properly resolved in that case and is not determinative here. Moreover, EPA does not dispute that the three strikes issue is properly raised in environmental petitioners' challenges to the three underlying rules (Case Nos. 20-1414, 20-1336, and 16-1035). *See* EPA Opp. to Mot. to Govern, Doc#2088467, at 15-16, *Am. Chemistry Council v. EPA*, No. 24-1175 (D.C. Cir. Dec. 6, 2024) ("[The environmental petitioners] can still litigate their three-strikes issue in the context of the Refineries, Ethylene, and [Miscellaneous Organic Chemical Manufacturing] rules….").[5] Regardless of how the Court resolves the question of whether the three strikes

---

Order, *Murray Energy Corp. v. EPA*, No. 16-1227 (D.C. Cir. Apr. 27, 2017) (same); Order, *West Virginia v. EPA*, No. 15-1363 (D.C. Cir. Apr. 28, 2017) (holding in abeyance).
[5] The environmental petitioners' reply in Case No. 24-1175 is due on December 20, 2024. *See* Order, *Am. Chemistry Council v. EPA*, No. 24-1175 (D.C. Cir. Nov. 21, 2024).

7

issue is implicated in the combined reconsideration rule, the problem remains: unless this Court puts the three-strikes issue in abeyance in this case, the issue will be litigated in two cases at the same time.

For the reasons above, this Court should sever the three strikes issue from Environmental Petitioners' case and hold the severed case in abeyance pending resolution of whichever of the above-cited cases (Nos. 24-1175, 16-1035, 20-1336, or 20-1414) is resolved first.

Finally, if Petitioners' requested relief is granted, Petitioners request to retain their current word count. *See* EPA's Opp. at 6. Rather than requesting an expanded word count for their opening brief, as Industry and State Petitioners did, or separately proposing their preferred briefing format, Environmental Petitioners joined EPA's proposal, which sought the standard 13,000 words for Petitioners' opening brief and 6,500 words for Petitioners' reply brief pursuant to Federal Rule of Appellate Procedure 32(a)(7). *See* EPA's and Envtl. Pet'rs' Joint Briefing Format and Schedule, Doc#2075838, at 2-3. Industry and State Petitioners took no position on the word count for Environmental Petitioners in their proposed briefing format. *See* Industry Pet'rs' and State Pet'rs' Proposed Briefing Format and

Schedule, Doc#2075844 at 4. The Court, however, provided 10,400 words for Environmental Petitioners' opening brief and 5,200 words for their reply.

Environmental Petitioners need the full numbers of words they were granted to brief several distinct aspects of the standards challenged here. Environmental Petitioners intend to argue that EPA violated Clean Air Act section 7412(d)(6) or otherwise acted arbitrarily by: failing to consider certain developments in practices, processes, and pollution control technologies; refusing to revise certain standards on the basis of cost-effectiveness; failing to require fenceline monitoring for all sources, rather than just some; and setting corrective action levels that exceed unacceptable risk concentrations or that are based on the highest emitting sources. Environmental Petitioners also intend to argue that EPA violated section 7412(f)(2) or otherwise acted arbitrarily by: failing to require the more stringent controls needed to "provide an ample margin of safety to protect public health;" substantially underestimating the emissions of carcinogenic ethylene oxide from regulated facilities; and assuming certain destruction efficiencies for wastewater units, despite the Rule's allowance of lesser destruction efficiencies.

Environmental Petitioners' issues will require space for arguments regarding statutory construction and how EPA acted arbitrarily. They may also require space to discuss legislative history and the technical comments that were submitted in the administrative record, including on technological developments. Though

Environmental Petitioners will keep their brief as streamlined as possible, briefing the above issues within the ordered word count of 10,400 words for Environmental Petitioners' opening brief and 5,200 words on reply will be a challenge, with or without the three strikes issue. Notably, in the recent example provided above in which EPA and industry petitioners jointly moved to sever an issue after having submitted the proposed briefing format, no party sought to reduce the word count of petitioners' opening brief. *See* Joint Mot. to Sever, Doc#2003380, *U.S. Sugar Corp. v. EPA*, No. 22-1271 (D.C. Cir. June 13, 2023); *see also* Order, Doc#2004070, *id.* (D.C. Cir. June 20, 2023) (granting motion to sever and ordering 13,000-word length for industry petitioners' opening brief).

Thus, for the reasons above, Petitioners request that the Court sever the three strikes issue from Environmental Petitioners' case, with the remaining issues continuing under the current briefing format, and hold the severed case in abeyance pending resolution of the issue in above-cited litigation.

Dated: December 9, 2024

Respectfully submitted,

/s/ Kathleen L. Riley

| | |
|---|---|
| Patton Dycus | Kathleen L. Riley |
| Environmental Integrity Project | Adam Kron |
| 919 Millworks Way | Deena Tumeh |
| Bozeman, MT 59715 | Earthjustice |
| (404) 446-6661 | 1001 G St. NW, Suite 1000 |
| pdycus@environmentalintegrity.org | Washington, DC 20001 |
| | 202-745-5227 |
| Abel Russ | 202-794-8039 |
| Environmental Integrity Project | 202-793-6482 |
| 888 17th Street NW, Suite 810 | kriley@earthjustice.org |
| Washington, DC 20006 | akron@earthjustice.org |
| (802) 482-5379 | dtumeh@earthjustice.org |
| aruss@environmentalintegrity.org | |

*Counsel for Petitioners Sierra Club, California Communities Against Toxics, Air Alliance Houston, and Environmental Integrity Project*

*Counsel for Concerned Citizens of St. John, RISE St. James Louisiana, Louisiana Environmental Action Network, Texas Environmental Justice Advocacy Services, Air Alliance Houston, California Communities Against Toxics, Environmental Integrity Project, and Sierra Club*

11

# CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Reply in Support of Environmental Petitioners' Motion to Sever Issue and Hold Severed Case in Abeyance contains 2,237 words, excluding exempted portions, and was composed in Times New Roman font, 14 point. I certify that the foregoing complies with applicable type-volume and typeface requirements.

Dated: December 9, 2024        */s/ Kathleen L. Riley*
                               Kathleen L. Riley